IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JOHNSON<br>*Plaintiff*, | : |
| v. | : |
| PA. DEPARTMENT OF EDUCATION;<br>SECRETARY PEDRO A. RIVERA;<br>COMMONWEALTH OF PA;<br>PHILADELPHIA SCHOOL DISTRICT;<br>DEPARTMENT OF HUMAN SERVICES;<br>FEDERAL BUREAU OF<br>INVESTIGATIONS; ATTORNEY<br>GENERAL'S OFFICE; and,<br>JOHN DOES 1-10<br>*Defendants.* | :<br><br>:    CIVIL ACTION<br>   NO. 19-1782<br><br>:<br><br><br>: |

**MEMORANDUM**

**JONES, II   J.**                                                                                                       **March 24, 2020**

**I.      INTRODUCTION**

*Pro se* Plaintiff Thomas Johnson brings the above-captioned Title VII action against Defendants on the basis of their abidance by provisions of the Child Protective Services Law, which he claims prevented him from obtaining gainful employment due to a prior felony conviction. (ECF No. 1, ¶¶ 24-34.) Defendants have filed three separate Motions to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Fed. Defs.' Mot. Dismiss, ECF No. 6;[1] Sch. Dist. Phila. Defs.' Mot. Dismiss, ECF No. 7; Commw. Defs.' Mot. Dismiss, ECF No. 8.)

---

[1] This Court initially granted Federal Defendants' Motion to Dismiss after issuing a Show Cause Order upon Plaintiff for failure to file a response to said Motion, and after receiving no response to the Show Cause Order. Inasmuch as Plaintiff's response (filed on September 23, 2019 and entered on September 24, 2019) crossed with the filing of this Court's dismissal Order (signed on

Plaintiff has filed a Response to Defendants' Motions.[2] For the reasons set forth below, said motions shall be granted.

## II. BACKGROUND

Plaintiff is an African American male who was convicted of voluntary manslaughter in the Philadelphia Court of Common Pleas in 1991. (Compl. ¶¶ 7-8, 19, ECF No. 2.) As a result, Plaintiff was incarcerated for ten (10) years. (Compl. ¶ 9.) Plaintiff alleges that because of his conviction, Pennsylvania's Public Law 92-544 and the Child Protective Services Law have "precluded [him] from [obtaining] any gainful employment relating to children." (Compl. ¶ 14.) In particular, the Complaint asserts that the Pennsylvania Department of Education denied Plaintiff an emergency certification that would have allowed him to become a substitute teacher or otherwise qualify him for various counseling and therapeutic support positions. (Compl. ¶ 17.)

The lone cause of action alleged in Plaintiff's Complaint is that "Defendants"[3] violated § 2000e-3(a) of Title VII of the Civil Rights Act of 1964. (Compl. ¶¶ 24-34.) Plaintiff asserts his past conviction was "a determining and motivating factor" in denying him the required certification and that the denial of a teaching certification in Pennsylvania based on an applicant's prior conviction is a disqualification that is disproportionately applied to African Americans. (Compl. ¶¶ 28, 32.)

---

September 23, 2019 and entered September 24, 2019), the court shall vacate its dismissal Order and consider Plaintiff's Response for purposes of this assessment.

[2] Plaintiff incorrectly labeled his response to Defendants' motions as a "Motion to Deny Defendant's [sic] Motion for Summary Judgment." (ECF No. 11.) The court recognizes this filing as Plaintiff's Opposition to Defendants' Motions to Dismiss.

[3] Plaintiff's Complaint is replete with references of misconduct by "defendants." With very few exceptions, does Plaintiff direct any particular conduct to any particular defendant. It is well settled that even *pro se* plaintiffs "need[ ] to identify [ ] causes of action in separate sections and plead specific facts with respect to each defendant." *Batista v. Countrywide Home Loans, Inc.*, 627 F. App'x. 178, 179 (3d Cir. 2015).

2

## III. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]ll civil complaints must . . . set out sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Regardless of how "inartfully pled" a *pro se* complaint is, a court must liberally construe such complaints and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). *Pro se* claims may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (quoting *Haines*, 404 U.S. at 520) (internal quotations omitted)). Despite the court having to liberally construe a *pro se*

3

complaint, the complaint must still satisfy the plausibility standard derived from *Twombly* and *Iqbal*. *Alja-Iz v. U.S. V.I. Dept. of Educ.*, 626 F. App'x. 44, 46 (3d Cir. 2015) (citing *Fantone*, 780 F.3d at 193)).

## III. DISCUSSION

### A. Title VII Claim

The lone Count expressly pled in Plaintiff's Complaint alleges that Defendants violated § 2000e-3(a) of Title VII. (Compl. ¶¶ 24—34.) Under § 2000e-3(a), an employer may not "discriminate against any of his employees or applicants . . . because [the employee] has opposed any . . . unlawful employment practice . . . or because [the employee] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 2000e-3(a).[4] Each Defendant contests this claim by Plaintiff on the basis that he failed to exhaust mandatory administrative remedies prior to filing his Complaint in federal court. (Fed. Defs.' Mot. Dismiss 3-4; Sch. Dist. Phila. Mot. Dismiss 4; Commw. Defs.' Mot. Dismiss 6.) This Court agrees.

An action brought under Title VII must comply with the procedural requirements of 42 U.S.C. § 2000e-5. *Barzanty v. Verizon PA, Inc.*, 361 F. App'x. 411, 413 (3d Cir. 2010). Under § 2000e-5, a person claiming to have been aggrieved by an unlawful employment practice must exhaust the administrative remedies—including filing a charge with the Equal Employment Opportunity Commission ("EEOC")—before filing a lawsuit. *Id; see also Webb v. City of Phila.*,

---

[4] Section 2000e-3(a) is commonly referred to as Title VII's "anti-retaliation" provision. *See Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 (3d Cir. 2006); *see also Kier v. F. Lackland & Sons, LLC*, 72 F.Supp.3d 597, 616 (E.D. Pa. 2014).

4

562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC.").[5]

The charge-filing provision is designed "to afford the EEOC the opportunity to settle disputes through conferences, conciliation, and persuasion, [thus] avoiding unnecessary action in the court." *Barzanty*, 361 F. App'x. at 414 (quoting *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)). A complainant's failure to comply with this provision "will bar judicial review." *King v. Integer/Medplast*, Civil Action No. 18-5193, 2019 U.S. Dist. LEXIS 186710, at *10 (E.D. Pa. Oct. 28, 2019) (quoting *Elberson v. Pennsylvania.*, 396 F. App'x. 819, 821-22 (3d Cir. 2010)); *see also Wilson v. U.S.P.S.*, No. 5:18-cv-00883, 2019 U.S. Dist. LEXIS 28883, at *6 (E.D. Pa. Feb. 22, 2019) ("If the employee-plaintiff 'fails to seek EEO[C] counseling or file an EEO[C] complaint within the statutory time period, the plaintiff's complaint is time barred and should be dismissed.") Furthermore, because Pennsylvania is a "deferral" state,[6] Pennsylvania plaintiffs

---

[5] In *Fort Bend Cnty., Tex. v. Davis*, the Supreme Court characterized the charge-filing provision as a processing rule rather than a jurisdictional prescription which would "delineat[e] the adjudicatory authority of the courts." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). This distinction is important (albeit moot in this action) with regard to *when* a defendant may raise such a challenge. *See id*. at 1849. Challenges to a court's subject-matter jurisdiction can be raised "at any point in the litigation." *Id*. (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). Conversely, a challenge to a processing rule can be waived "if the party asserting the rule waits too long to raise the point." *Fort Bend Cnty., Tex.*, 139 S.Ct. at 1849 (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). The Supreme Court also recognized that a processing rule is "mandatory," such that a court is required to enforce if, as Defendants did here, it is raised properly. *Fort Bend Cnty., Tex.*, 139 S.Ct. at 1849. The Court stated that defendants "have good reason to promptly raise an objection that may rid them of the lawsuit filed against them." *Id*. at 1851. Therefore, it would be "foolhardy consciously" for a plaintiff to file a Title VII complaint in federal court without first filing a charge with the EEOC. *See id*. at 1851-52.
[6] Deferral states are those which "hav[e] an agency authorized to grant relief for federally prohibited employment discrimination." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).

are required to "submit their . . . charge [with the EEOC] within 300 days of the challenged employment action." *Watson*, 235 F.3d at 854 (citing 42 U.S.C. § 2000e-5(e)(1)).

In this case, Plaintiff's Complaint is devoid of any facts to demonstrate he ever filed a charge with the EEOC regarding this particular matter. In his response to the "failure to exhaust" argument made by Defendants in the instant motions, Plaintiff references an administrative hearing he participated in with Pennsylvania's Department of Education Secretary (and named defendant), Pedro A. Rivera, in which his request for emergency certification was denied. (Pl.'s Resp. ¶2.) Plaintiff does not refute Defendants' argument that he failed to exhaust his administrative remedies through the EEOC. Because Plaintiff failed to comply with Title VII's charge-filing provision, this Court is "barred of judicial review," and the Complaint shall be dismissed.[7] *See Shine v. Bayonne Bd. of Educ.*, 633 F. App'x 820, 824 (3d Cir. 2015) ("[T]he District Court properly found [Plaintiff's] Title VII claims futile for failure to exhaust her administrative remedies . . . Failure to exhaust administrative remedies is generally fatal to a Title VII claim. [Plaintiff] does not dispute that she failed to exhaust her administrative remedies, and thus the District Court properly found that she failed to state a claim.").

### B. Leave To Amend

Under Federal Rule of Civil Procedure 15(a)(2), the court shall grant a party leave to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The court "must grant

---

[7] Because this Court is dismissing the Complaint on the grounds that Plaintiff failed to first file a Charge with the EEOC, the court does not find it constructive to explore Defendants' other arguments in depth. However, the court notes that § 2000e-3(a) prohibits an employer from discriminating against any "employees or applicants for employment." § 2000e-3(a). Plaintiff complains that the Pennsylvania Department of Education denied him the necessary certification to become a substitute teacher or qualify him for various counseling and therapeutic support positions. (Compl. ¶ 17.) Based on the facts alleged, it is clear that Plaintiff was never an *employee* or *applicant* of various Defendants. (*See* Fed. Defs.' Mot. Dismiss 5; Commw. Defs.' Mot. Dismiss 7.) Accordingly, a claim against these Defendants would fail on this basis, as well.

leave to amend before dismissing a *pro se* civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x. 877, 879 (3d Cir. 2008). Amendment is "futile" if it would fail to state a claim upon which relief could be granted. *El v. Marino*, 722 F. App'x. 262, 265 (3d Cir. 2018).

Because Plaintiff has failed to exhaust his administrative remedies any attempt to amend his Title VII claim would therefore be futile, said claim shall be dismissed with prejudice.[8]

---

[8] The allegations set forth in Plaintiff's Complaint revolve around Plaintiff's belief that Pennsylvania's Child Protective Services Law and teaching certification requirements prevent him, as an ex-felon who served time for manslaughter, from obtaining gainful employment. In the event Plaintiff elects to pursue this matter further, the Commonwealth Court of Pennsylvania would be the proper venue through which to do so. However, this Court notes Plaintiff's omission of any reference to Section 2070.2 of Pennsylvania's Public School Code of 1949, which mandates that "[n]o educator shall be employed by a school entity in the Commonwealth unless he has met the certification requirements which are applicable to the position in the institution which he is employed." 24 P.S. § 2070.2(a). Plaintiff herein attempted to obtain his certification to be able to apply for a teaching position. However, teaching certificates can be revoked or denied if a teacher or an applicant has been convicted of certain criminal offenses. *See* 24 P.S. § 1-111. Section 1-111 applies to "all . . . prospective employees of public and private schools. . . including . . . teachers." *See* § 1-111(a.1). Section 1-111(e)(1) states that no prospective employee for a teaching position shall be employed in a public or private school if that person has been convicted of certain offenses, including an offense relating to criminal homicide. § 1-111(e)(1). Voluntary manslaughter—the offense for which Plaintiff was previously convicted of—falls under Pennsylvania's criminal homicide chapter. *See* 18 Pa.C.S. § 2503.

Numerous Pennsylvania state court plaintiffs have challenged the constitutionality of § 1-111 and other similar statutes which restrict employment based a person's prior convictions. *See Megraw v. Sch. Dist. of Cheltenham Twp.*, No. 577 C.D. 2017, 2018 Pa. Commw. Unpub. LEXIS 530, at *2-6 (Pa. Commw. Ct. May 1, 2018) (holding that § 1-111(f.1)(1) violated plaintiff's substantive due process rights under the Pennsylvania Constitution because the plaintiff's twenty-one-year employment was terminated after the criminal record reporting laws were amended *while* the plaintiff was employed); *Johnson v. Allegheny Intermediate Unit*, 59 A.3d 10, 13-15, 20-21, 25 (Pa. Commw. Ct. 2012) (reasoning that § 1-111(e)'s change from a five-year ban to a lifetime ban on employment which resulted in plaintiff's *termination* based on a voluntary manslaughter conviction, violated plaintiff's state substantive due process rights because the conviction was thirty-years-old and because the plaintiff *had been employed prior to*

7

## V. CONCLUSION

For the foregoing reasons, each of Defendants' Motions to Dismiss shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II    J.

---

*the amendment to § 1-111(e)*); *Warren Cnty. Human Servs. v. State Civil Serv. Comm'n*, 844 A.2d 70, 71-72, 75 (Pa. Commw. Ct. 2004) (holding that termination of an employee because of an amendment to the Child Protective Services Law violated that person's Pennsylvania Constitutional right to substantive due process); *Nixon v. Com.*, 789 A.2d 376, 377, 379, 382 (Pa. Commw. Ct. 2001) (holding that a statute violated one's state Constitutional right to work in facilities catering to older adults because it prevented employment of plaintiffs with a thirty-year-old marijuana conviction, a twenty-nine year-old conviction for theft of thirty dollars, and a twenty-seven year-old conviction for armed robbery).

Clearly, the facts involved in each of the foregoing cases are wholly distinguishable from the facts presented in Plaintiff's Complaint. Namely, the plaintiffs who were ultimately afforded relief, initially had their job or license revoked because of an amendment to a statute related to a person's criminal history that occurred *while* they were serving in a certification-mandated capacity.  Such is not the case here.

Furthermore, *Megraw* dealt with the constitutionality of § 1-111(f.1)(1). *Megraw*, 2018 Pa. Commw. Unpub. LEXIS 530, at *2-6. Any challenge by Plaintiff would need to be to § 1-111(e)—and not § 1-111(f.1)(1)—because involuntary manslaughter is an enumerated offense under § 1-111(e). Accordingly, the statutory provisions set forth in 24 P.S. § 1-111 would preclude Plaintiff from prevailing on his claims against Defendants.